## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MONIQUE NAKIA GAMBLE F/K/A
MONIQUE NAKIA JACKSON,

     Plaintiff,

-vs-                         Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and NATIONAL CREDIT
SYSTEMS, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and NATIONAL CREDIT SYSTEMS, INC. (hereinafter "NCS") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's and NCS's principal address is in this District; as Plaintiff is a natural person and resident of Paulding County in the State of Georgia; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.   Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.   Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.   Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.   Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.   Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     NCS is a corporation headquartered at 1775 The Exchange SE, Suite 300 in Atlanta, Georgia 30339.

20.     NCS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     NCS furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to NCS, partial account number ending in x22, as to a collection account on behalf of original creditor Abby Ridge Apartments (hereinafter "NCS Account"). Plaintiff does not have an account or lease with Abby Ridge Apartments and never applied or gave permission to anyone to apply using her information for an account or lease with Abby Ridge Apartments.

23.     Upon information and belief, Plaintiff is a victim of identity theft.

24.     On or about March 20, 2025, Plaintiff contacted her property manager to renew her current lease which was scheduled to end on April 1, 2025.

25.    Following a review of her credit file, Plaintiff's property manager advised Plaintiff they were unable to renew her lease due to the NCS Account which was reporting an outstanding debt of $1,322.

26.    On or about March 20, 2025, Plaintiff contacted Equifax and Trans Union via telephone to dispute the fraudulent NCS Account which did not belong to her.

27.    Further, on or about March 20, 2025, Plaintiff submitted an online dispute with Experian regarding the fraudulent NCS Account.

28.    On or about March 25, 2025, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed that the NCS Account was reported with a status of collection and balance of $1,322. Further, the fraudulent NCS Account was reported with a comment which indicated it had been disputed by Plaintiff.

29.    On or about March 27, 2025, Plaintiff filed a police report with the Paulding County Sheriff's Office, report number 2025-03200064, regarding the fraud and identity theft.

30.    On or about April 9, 2025, Plaintiff received dispute results from Experian which stated the NCS Account was verified as accurate.

31.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

32.    Experian never attempted to contact Plaintiff during the alleged investigation.

33.    Upon information and belief, Experian notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.    Due to the inaccurate reporting, on or about April 10, 2025, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the NCS Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the police report filed with the Paulding Count Sheriff's Office, and other supporting documents.

35.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8865 4389 22), Experian (9407 1112 0620 8865 4327 53), and Trans Union (9407 1112 0620 8865 4363 79).

36.    Plaintiff did not receive dispute results from Equifax regarding her telephonic dispute on March 20, 2025. However, upon review of her updated Equifax credit report dated April 21, 2025, Plaintiff observed that the NCS Account continued to be reported.

37.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.    Equifax never attempted to contact Plaintiff during the alleged investigation.

39.    Upon information and belief, Equifax notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.    Plaintiff did not receive dispute results from Trans Union regarding her telephonic dispute on March 20, 2025. However, upon review of her updated Trans Union credit report dated April 19, 2025, Plaintiff observed that the NCS Account continued to be reported.

41.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

43.    Upon information and belief, Trans Union notified NCS of Plaintiff's dispute. However, NCS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

44.     Despite confirmation of delivery on April 16, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

45.     However, upon review of her updated Equifax credit report on May 16, 2025, Plaintiff observed that the NCS Account was no longer reported.

46.     Despite confirmation of delivery on April 14, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian.

47.     However, upon review of her updated Experian credit report on May 16, 2025, Plaintiff observed that the NCS Account was no longer reported.

48.     Despite confirmation of delivery on April 15, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union.

49.     However, upon review of her updated Trans Union credit report on May 16, 2025, Plaintiff observed that the NCS Account was no longer reported.

50.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.      Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii.     Loss of time attempting to cure the errors;

iii.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.    Additional fees which were required by her property manager in order to renew her lease;

v.    Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

51.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

52.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

54.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

56.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

57.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

60.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

61.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.    Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

63.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

65.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

68.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

69.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

70.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

71.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

72.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to

14

conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

73.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

75.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT IV</u>
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

76.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

77.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

78.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

79.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

16

80.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Negligent)**

83.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

84.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

85.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

86.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

87.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

90.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

91.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

92.     Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

93.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

19

94.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

98.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.    Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

100.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

103.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

105.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### **COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

106.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

107.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.  Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

109.  Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

110.  Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

111.  Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

112.  As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

115.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

116.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

117.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

118.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

119.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

123.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

125.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

126.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

131.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

132.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

133.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

136.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

137.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

138.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

139.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

140.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

142.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

143.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

144.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

145.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

31

146.  Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147.  Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

148.  Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149.  As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages

against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

152.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

153.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

154.    Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

155.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

156.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

157.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

158.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

160.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

34

## COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

162.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

163.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

164.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

165.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

167.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**<u>COUNT XVI</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

168.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

169.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

170.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

171.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

172.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

174.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

176.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

177.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

178.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

179.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

180.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

181.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

182. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

183. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

184. Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

185. Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

186.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

187.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

188.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, National Credit Systems, Inc. (Negligent)

189.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

190.   NCS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

191.   After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

192.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account was erroneous.

193.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

194.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

195.   As a direct result of this conduct, action, and/or inaction of NCS, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

196.   The conduct, action, and inaction of NCS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

197.   Plaintiff is entitled to recover costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual damages against Defendant, NATIONAL CREDIT SYSTEMS, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, National Credit Systems, Inc. (Willful)

198.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

199.   NCS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

200.   After receiving Plaintiff's disputes, NCS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

201.   Plaintiff provided all the relevant information and documents necessary for NCS to have identified that the account was erroneous.

202.   NCS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NCS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

203.   NCS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

204.   As a direct result of this conduct, action, and/or inaction of NCS, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

205.   The conduct, action, and inaction of NCS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

206.   Plaintiff is entitled to recover costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NATIONAL CREDIT SYSTEMS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MONIQUE NAKIA GAMBLE F/K/A MONIQUE NAKIA JACKSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and NATIONAL CREDIT SYSTEMS, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of May 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933

Tav@theconsumerlawyers.com
*Attorney for Plaintiff*